## Roy BURLESON v. STATE.
### No. 15838.

Court of Criminal Appeals of Texas.
Feb. 8, 1933.

Rehearing Denied March 22, 1933.

M. L. Bennett, of Normangee, and J. T. Ryan, of Centerville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft of hogs; punishment, two years in the penitentiary.

The record contains neither statement of facts nor bills of exception. The indictment, the charge of the court, the judgment, and sentence appear regular.

The judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, Judge.

In his motion for rehearing, appellant insists that the evidence is insufficient to support the verdict. It seems strange that such matter should be urged in the face of the fact that no evidence presented in the trial of the case is before this court. In the absence of a statement of facts, we must presume that the verdict found support in the evidence.

The motion for rehearing is overruled.

## C. HALL v. STATE.
### No. 15661.

Court of Criminal Appeals of Texas.
March 1, 1933.

John J. Sargent, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Appellant and John Lee were jointly indicted for selling intoxicating liquor. Appellant was alone upon trial which resulted in conviction with the punishment assessed at one year in the penitentiary.

No bills of exception are brought forward. In an amended motion for new trial it is alleged that the jury in their retirement discussed the failure of appellant to testify. This motion was not verified. In the order overruling the motion, it is recited that evidence was heard. No testimony regarding the averment of the jury's misconduct is brought forward. Presumptively the order of the court was correct. Nothing in the record indicates to the contrary.

The alleged purchaser testified positively that he bought a pint of whisky from appellant and paid him for it. Appellant did not testify. The witnesses tendered by him gave evidence which, if believed, would have established an alibi. This issue was submitted, and on conflicting testimony was settled by the jury in favor of the state. No errors appear from the record.

The judgment is affirmed.

## Claude JOHNSON v. STATE.
### No. 15847.

Court of Criminal Appeals of Texas.
March 8, 1933.

W. B. Thomas, of Groveton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is forgery; penalty assessed at confinement in the penitentiary for a period of two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.